## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IN RE RAJ K. PATEL, from all capacities, | 1:22-mc-00024-TWP |
| | No. 1:21-mc-0024-TWP |
| *Petitioner,* | |
| | Dated: August 15, 2024 |

**FILED**

**08/15/2024**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

### PRO SE PETITIONER RAJ K. PATEL'S
### MOTION FOR LEAVE TO FILE NEW PRO SE COMPLAINT

I, T.E. T.E. Mr. Raj Patel, the undersigned plaintiff *pro se*, respectfully moves this S.D.I.N. to allow the filing of the new complaint attached here by the clerk. This case is related to cases prior to the issuance of a filing bar, and now pleads a contract number, thus, removing the risk of factual frivolity.

Therefore, Patel moves to this court to allow the attached filing in aid of the Fifth Amendment Due Process right.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel, AA, BA (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
317-740-8001
rajp2010@gmail.com
www.rajpatel.live

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| T.E. T.E. MR. RAJ K. PATEL, from all capacities, | No. _____ |
| *Plaintiff* | ***PRO SE*** **COMPLAINT** |
| v. | **JURY DEMANDED** |
| THE UNITED STATES, THE PRESIDENT OF THE UNITED STATES, PRESIDENT JOE BIDEN, in all capacities, PRESIDENT GEORGE W. BUSH, in all capacities, PRESIDENT BARACK H. OBAMA, in all capacities, PRESIDENT DONALD J. TRUMP, in all capacities, and PAST AND PRESENT OVAL OFFICE ATTORNEYS AND COUNSELORS-AT-LAW, | Dated: August 15, 2024 |
| *Defendants* | |

T.E. T.E. Mr. Raj K. Patel (Rama CCCX) (*pro se*), from the Basis of the United States, respectfully submits this Fed. R. Civ. P. 3 complaint against the named defendant(s) for damages:

## JURISDICTION

1. Jurisdiction is proper in the United States District Courts, as federal question, 28 U.S.C. § 1331, under the President's constitutional promise-making powers, see e.g., Poindexter v. Greenhow, 114 U.S. 270, 279, 284, 290, & 295 (1885), and jurisdiction in district courts is independent of the Big and Little Tucker Act. Talley v. United States Dep't of Agric., 595 F.3d 754, 759 (7th Cir. 2010). Franklin-Mason v. Mabus, 742 F.3d 1051, 1055 (D.C. Cir. 2014) (citing Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48 (1988) ("But, admittedly, 'nothing in the language of the Tucker Act makes its grant of jurisdiction to the Court of Federal

1

Claims exclusive for all contract claims over $10,000.'…'Rather, that court's jurisdiction is 'exclusive' only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.'").

## CONTRACT NUMBER

2. As he, Plaintiff TE,E Patel, now recalls, Patel and his business partners, based on his business partner's manifestation, in 2007, received a contract number, but Patel forgot it.

3. Patel did not inquiry much about a contract number because Patel thought the United States would have its records, under a security clearance.

4. Patel's business partners are inattentive to Patel's communications to them.

## CLAIMS

5. "Defendant" shall mean each defendant individually and collectively, and Plaintiff incorporates the paragraphs above.

   Breach of Contract #1 (adopted from uscourts.gov Form)

6. The Plaintiff, Patel, and the named defendant made an agreement or contract in 2006 (as updated in 2007). The agreement or contract was oral (then partly written and then memorialized). Under that agreement or contract, the plaintiff was to perform services by purportedly remaining a clueless victim against terrorists with weapons of depression and other bio-capacities, and the defendant was required (1) to make sure that plaintiff does not get so fat that he would have excessive skin and scars upon weight loss and skin removal surgery, (2) compensate plaintiff in the agreed upon money of at least $36,000,000,000 but possibly more, and (3) deflect the terrorists, especially upon Patel's filing of a related lawsuit.

7.  The defendant failed to comply because (1) the defendant did not make sure that plaintiff does not get so fat as he would have excessive skin upon weight loss so that he would require scarring skin removal surgery, (2) the defendant did not compensate plaintiff any money, and (3) the defendant did not deflect the terrorists upon Patel's filing of a related lawsuit.

8.  Plaintiff demands damages from defendant for breach of contract: $36,000,000,000 in compensatory damages, $36,000,000,000 in money damages, $48,000,000,000 in restitution damages, $250,000,000 in mental pain and suffering, $10,000,000,000 in jealousy damages, $36,000,000,000 in reliance damages, $36,000,000,000 in oppressive damages, $500,000,000 in humiliation damages, $750,000,000 in parasitic damages, $10,000,000,000 in extreme emotional distress, and $500,000,000 in punitive damages.

Breach of Contract #2

9.  Plaintiff incorporates the paragraphs above.

10. In 2007, around the time the press had been covering Benazir Bhutto, plaintiff and defendant entered into agreement by which defendant promised plaintiff 10% of $360 billion to $8 trillion contract for the consideration as provided and to be provided, and defendant materially promised plaintiff that defendant would ensure that plaintiff would not become so obese that he would have excess skin and excess scars upon weight loss as known by plaintiff on the free-and-fair market.

11. In or around September 2020, Defendant breached the mutual inducement and the agreement by not ensuring that plaintiff does not become so obese that plaintiff would have excess skin and excess scars upon weight loss.

3

12. Defendant promised plaintiff that the contract would not only generate $360 billion of income but also enter into the trillions.

13. Defendant promised plaintiff that it would take responsibility of the object(s), terrorists/bad guys with a particular cause against plaintiff and those similarly situated, of their contract.  Plaintiff said that the money was too good to be true, but defendant affirmed the consideration and promised the money amount again.  Plaintiff agreed because he had already felt like a billionaire and trillionaire, what he was envisioning during the contract formation in 2007.  Before the said money amount was agreed, an upper classman schoolmate said to agree to more money than schoolmate G____ H____ in the event he gets drafted for the NBA, which parties agreed to.

14. Defendant promised plaintiff that plaintiff would get to keep the money of the $360 billion to $8 trillion if the contract is breached, especially because courts usually give 10% of the damages requested.  Plaintiff also promised defendant for the consideration that he would major in government, politics, or political science.  Plaintiff and defendant also discussed plaintiff's royal lineage which was additionally suspect to why plaintiff was a victim of terrorism.  H. Res. 417 (113th Cong.).

15. Plaintiff communicated to defendant that plaintiff intends on running for president and would want the money much before he become eligible for the presidency in 2027.  Defendant promised that it would be possible much before he runs for office; defendant breached this term.

16. Plaintiff and defendant agreed that the filing of a lawsuit would terminate the contract and the money would be transferred, and the bad guy deflected.

4

Defendant breached because upon plaintiff successfully filing a lawsuit the Defendant did not transfer the money and did not deflect the bad guy.

  a.  <u>Consideration</u>: Defendant wanted to see the "bad guys" in action, and since plaintiff was a victim of them already, plaintiff was proposed to live under their peril and let the defendant observe them in action, and in return, plaintiff would be protected by defendant so that he does not become obese so that he has extra skin that will need to be removed upon weight loss and that he would be compensated for his labor in the tens of billions at least, so that he will be able to own a "house in each [sister] state" and be compensated with money for the losses plaintiff accrues as well.

  b.  <u>Offer</u>: During oral negotiations, around the time the press was covering Benazir Bhutto, defendant offered plaintiff a contract to which he would be compensated for his labor and losses with money and be protected if he let defendant observe unnamed "bad guys" in action in plaintiff's surroundings.  Defendant stated to plaintiff that the "bad guys" interests are generally unknown but requested his hypothesis on their reasons. Defendant stated that this negotiation was an elaboration on the negotiation that happened a year before where Patel was promised $323M for the consideration provided and to be provided.

    i.  <u>Counteroffer</u>: Plaintiff offered defendant that if should agree, then he would have more money than anyone else from Brownsburg Community School Corporations (for some time) and that he would have more money than his upperclassman schoolmate G_____ H_____. Patel also stated that, as a part of his hypothesis, the "bad guys" want to reduce his chances from going to Harvard University

or another Ivy League, and that he be promised, if he is to accept, that plaintiff would at least get into a top 20 undergraduate school and law school and graduate, and that later plaintiff will be able to sue and recover damages, including raising any deflated or suppressed letter grades on his transcripts.

c. <u>Acceptance</u>: Plaintiff agreed to the terms of offer and contract, by saying that he agrees, and defendant accepted the counteroffer prior to plaintiff agreeing, by saying "okay." Many years later, President Trump ratified the contract or re-agreed via sign language, after Patel communicated said offer/terms of the contract, that Patel saw and felt through the television; President Trump displayed an "E," "yes," and "you" in sign language through the television.  Then, once President Biden was elected, President Biden might have ratified or re-agreed by technologically induced coughing at the same time as plaintiff to which plaintiff could feel in his person, and over social media, at the display of his picture on Instagram, a voice played inside plaintiff's ear that "if you get us into court, you get the money."

d. <u>Mutual Assent/Meeting of the Minds</u>: Plaintiff and defendant clearly communicated that they agreed, and, at ratification, it was clear to both plaintiff and defendant that they intended communication towards each other because of the advance technologies (including but not limited to bio-technologies) that were used.

e. <u>Mutuality of Intent to Contract</u>: Issuance of a contract number.  Following up with Patel's communication.  Reassuring Patel that the contractual money compensation, although large number, was agreeable with the

United States, as the task was very likely over a decade long.  Use of high-tech technology in forming the contract and keeping secure the terms of the contract.  The contract was formed by the President George W. Bush White House.  Then, contractual aid came from President Barack Obama White House.  Then, President Trump directly ratified the contract.  Then, President Biden directly ratified the contract.

*Breach of Implied Covenant of Good Faith and Fair Dealing*

17. Defendant promised plaintiff that defendant would not break any of plaintiff's personal liberties as the aforementioned breached material term was also related to plaintiff making a gain in his religious free exercise.  42 U.S.C. § 2000bb-1(a).

18. Plaintiff demands damages from defendant for breach of contract: $36,000,000,000 in compensatory damages, $36,000,000,000 in money damages, $48,000,000,000 in restitution damages, $250,000,000 in mental pain and suffering, $10,000,000,000 in jealousy damages, $36,000,000,000 in reliance damages, $36,000,000,000 in oppressive damages, $500,000,000 in humiliation damages, $750,000,000 in parasitic damages, $10,000,000,000 in extreme emotional distress, and $500,000,000 in punitive damages.

Contract by Performance

19. Plaintiff incorporates the paragraphs above.

20. Plaintiff stated, via Federal complaints, to Defendant that plaintiff believes defendant made plaintiff a promise.

21. Defendant did not deny plaintiff's contract inquiry.  Therefore, Plaintiff felt obligated to perform the services.

22. Defendant breached because Defendant did not compensate Plaintiff as agreed.

23. Plaintiff demands damages from defendant for breach of contract by performance: $36,000,000,000 in compensatory damages, $36,000,000,000 in money damages, $48,000,000,000 in restitution damages, $250,000,000 in mental pain and suffering, $10,000,000,000 in jealousy damages, $36,000,000,000 in reliance damages, $36,000,000,000 in oppressive damages, $500,000,000 in humiliation damages, $750,000,000 in parasitic damages, $10,000,000,000 in extreme emotional distress, and $500,000,000 in punitive damages.

Breach of United States R.F.R.A. – 42 U.S.C. § 2000bb-3(a)

24. Plaintiff incorporates the paragraphs above.

25. Defendant's breach of the aforementioned material term also prevented plaintiff from his free exercise of religion, and said breach was unconstitutional and illegal for defendant while under contract with plaintiff.

26. Plaintiff demands damages.

Fraud

27. Plaintiff incorporates the paragraphs above.

28. On or about 2007, defendant and plaintiff were negotiating concerning the terms by plaintiff from defendant in that defendant promised and agreed that it was capable and will ensure that plaintiff will not be so obese that he will have excess skin and later scars from weight loss after morbid obesity.

29. At that time defendant represented to plaintiff that it was capable and that it understood that it was a material breach of the contract and that full compensation was still will still be provided by defendant to plaintiff if the contract terminates for material breach.

30. The representations made by defendant were false and defendant knew that they were false and defendant, without knowledge of the true facts, recklessly

misrepresented them and were made with the intention that plaintiff should rely upon them.

31. Plaintiff believed the representations and in reliance upon them agreed to the terms of the contract and not sue to terminate the stressors.

32. Plaintiff demands damages from defendant.

<u>Fraud in the Inducement/Fraudulent Inducement</u>

33. Plaintiff incorporates the paragraphs above.

34. Plaintiff demands damages from defendant.

<u>Intentional Infliction of Emotional Distress</u>

35. Plaintiff incorporates the paragraphs above.

36. On or about the 2020, the defendant committed an intentional infliction of emotional distress.

37. Defendant's extreme and outrageous conduct was acting in a way as to disregard Ordered Liberty and allow plaintiff to become morbidly obese and have scar removal, and putting plaintiff in a situation where he is in want of due process.

38. Plaintiff demands damages from defendant.

<u>Negligent Infliction of Emotional Distress</u>

39. Plaintiff incorporates the paragraphs above.

40. On or about 2020 and onwards, the defendant negligently, recklessly, or wantonly caused or allowed plaintiff's person to become morbidly obese and then later to have scar removal surgery.

41. As a proximate consequence of the defendant's said negligence, recklessly, or wantonness, the plaintiff was caused to suffer the following injuries and damages mental pain and suffering, obsessive compulsive disorder, anxiety, depression, dissociative identity disorder ("DID"), humiliation, loneliness, and stress.

42. Plaintiff demands damages from plaintiff.

   Invasion of Privacy – Unreasonable Intrusion – burden to his own existence

43. Plaintiff incorporates the paragraphs above.

44. Defendant's said conduct disparages plaintiff's emotional solace and has created an impression and change in his person's body composition, with this as a lingering memory by defendant's said acts allowing this to happen and serves as a substantial burden to plaintiff's existence.  P.R. const. art. II, §§ 1, 7-8.  Young v. Hawaii, 911 F. Supp. 2d 972, 992 (D. Haw. 2012) (internal citations omitted).

45. As a proximate consequence of the defendant's said negligence or wantonness, the plaintiff was caused to suffer the following injuries and damages mental pain and suffering, obsessive compulsive disorder, anxiety, depression, dissociative identity disorder ("DID"), humiliation, loneliness, and stress.

46. Plaintiff demands damages from plaintiff.

   Negligence

47. Plaintiff incorporates the paragraphs above.

48. On or about 2020 and onwards, the defendant negligently, recklessly, or wantonly caused or allowed plaintiff's person to become morbidly obese and then later to have scar removal surgery.

49. As a proximate consequence of the defendant's said negligence, recklessly, or wantonness, the plaintiff was caused to suffer the following injuries and damages mental pain and suffering, obsessive compulsive disorder, anxiety, depression, dissociative identity disorder ("DID"), humiliation, loneliness, and stress.

50. Plaintiff demands damages from defendant.

   Breach of Warranty

51. Plaintiff incorporates the paragraphs above.

10

52. In 2007, defendant promised the plaintiff on which the defendant gave warranty that defendant would ensure that plaintiff would not become so obese that he would have excess skin and later scars from extra skin removal after morbid obesity, as their knowledge based on the free-and-fair market.

53. In fact, defendant did not make sure that plaintiff does not become morbidly obese where he will have extra skin and later need scarring extra skin removal surgery.

54. Plaintiff demands damages from plaintiff.

<u>Assault and Battery</u>

55. Plaintiff incorporates the paragraphs above.

56. On or about the 2020 and onwards, the defendant committed an assault and battery on the plaintiff.

57. Plaintiff demands damages from plaintiff.

<u>Abuse of Process</u>

58. Plaintiff incorporates the paragraphs above.

59. The defendant used the contract negotiation due process illegally or improper.

60. The defendant just wanted to prevent a lawsuit, other legal actions, and catch the bad guy(s) without honoring the consideration from mutual inducement, which is an ulterior motive or improper purpose to enter into a contract.

61. Plaintiff has been harmed by defendant's improper conduct.

62. Plaintiff demands damages from plaintiff.

<u>Strict Liability</u>

63. Plaintiff incorporates the paragraphs above.

64. On or about the 2020 and onwards, the defendant allowed a harm to occur to plaintiff from the bad guys while they said that the said harm will not be allowed to occur.

11

65. Living under stress is an abnormally dangerous activity.

66. Plaintiff suffered harm from defendant.

67. Plaintiff demands damages from defendant.

Unjust Enrichment

68. Plaintiff incorporates the paragraphs above.

69. Since plaintiff performed the offer/contract/consideration, the defendant received the benefits of the aforementioned consideration, and was able to craft social and political policies too.  That is, plaintiff only agreed to the aforementioned performance of services because defendant asked and was promised money and safety in return.

70. The defendant was able to appreciate and know of plaintiff's service and performance of the aforementioned, alleged contract-at-hand as shown by *Students for Fair Admissions v. Harvard*, H. Res. 417 (113th Cong), and other executive branch policies and policing spanning from 2006 onwards.

71. Plaintiff would be a slave if he is not compensated for the services he performed for defendant, and defendant should have to pay restitution for the benefit received.

72. Patel should be compensated in the tens of billions (over $100 billion even) and/or given restitution.

73. Plaintiff demands damages from plaintiff.

## DEMAND FOR RELIEF

74. Wherefore plaintiff demands judgment against defendant in the sum of dollars, interest and costs.

75. $36,000,000,000 in compensatory damages, $36,000,000,000 in money damages, $48,000,000,000 in restitution damages, $250,000,000 in mental pain and suffering,

$10,000,000,000 in jealousy damages, $36,000,000,000 in reliance damages, $36,000,000,000 in oppressive damages, $500,000,000 in humiliation damages, $750,000,000 in parasitic damages, $10,000,000,000 in extreme emotional distress, and $500,000,000 in punitive damages.

76. 10% of the sum of $360 billion to $8 trillion.

77. Money shall be adjusted favorably for inflation.

78. Contracts reformation.

79. If needed, transfer to the United States Court of Federal Claims.

80. Any other remedy the court thinks is fair, including but not limited to enlarged or reduced recovery for contract.

Respectfully submitted, from the Basis of the United States,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001
rajp2010@gmail.com
www.rajpatel.live

T.E. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for Am. (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

## CERTIFICATE OF SERVICE

The service to the Defendants have been made by the Clerk of the Court of SDIN under the Fed. R. Civ. P.

**THE UNITED STATES**
**THE PRESIDENT OF THE UNITED STATES**
**PRESIDENT JOE BIDEN**
**PRESIDENT GEORGE W. BUSH**
**PRESIDENT BARACK H. OBAMA**
**PRESIDENT DONALD J. TRUMP**
U.S. Attorney General Merrick Garland
Merrick.garland@usdoj.gov

**THE UNITED STATES**
**THE PRESIDENT OF THE UNITED STATES**
**PRESIDENT JOE BIDEN**
**PRESIDENT GEORGE W. BUSH**
**PRESIDENT BARACK H. OBAMA**
**PRESIDENT DONALD J. TRUMP**
Zachary Meyers, U.S. Attorney for the SDIN
usains.webmaster@usdoj.gov

Dated: August 15, 2024

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001
rajp2010@gmail.com
www.rajpatel.live

I

INSD Pro Se Civil (unrelated to imprisonment) IFP d. ct. 3/23

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

|  |  |  |
|---|---|---|
| | ) | Case No. _____ |
| | ) | |
| | ) | *(to be filled in by the Clerk's Office)* |
| T.E.,E. RAJ K. PATEL | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| THE UNITED STATES, THE PRESIDENT OF THE UNITED | ) | |
| STATES, PRESIDENT JOE BIDEN, in all capacities, | ) | |
| PRESIDENT GEORGE W. BUSH, in all capacities, | ) | |
| PRESIDENT BARACK H. OBAMA, in all capacities, | ) | |
| PRESIDENT DONALD J. TRUMP, in all capacities, and | ) | |
| PAST AND PRESENT OVAL OFFICE ATTORNEYS AND | ) | |
| COUNSELORS-AT-LAW, | ) | |
| *Defendant(s)* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## REQUEST TO PROCEED IN DISTRICT COURT  WITHOUT PREPAYING THE FILING FEE

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

INSD Pro Se Civil Non-prisoner IFP d. ct. 3/23

Answer the following questions to the best of your ability.
**Note**: If you do not tell the truth, the court may dismiss your lawsuit.

**I.     Personal Information**

1)     Are you employed?                          [X] Yes          [ ] No

2)     Are you married?                           [ ] Yes          [X] No
       If "Yes," is your spouse employed?         [ ] Yes          [ ] No

3)     Do you have any dependents that you are responsible for supporting?
       [ ] Yes      [X] No
       If "Yes," provide the total amount of support paid each month: $ _____

**II.    Income** - If you are married, your answers **_must include your spouse's income._**
       *(*When calculating income, include any wages, salary, rent, child support, public
       assistance, unemployment compensation, disability payments, life insurance
       payments, pensions, annuities, workers' compensation, stock dividends and
       interest, gifts and inheritance, or other money you receive from any source.)

1)     State your total *monthly* wages or salary?          $ 1440 _____

2)     Provide the name and address of your employer(s):

       Regal 8 Inn, 6 2 3 1 W Washington Street, Indianapolis, IN 46241 _____

3)     State your spouse's total *monthly* wages or salary?     $ n/a _____

INSD Pro Se Civil Non-prisoner IFP d. ct. 3/23

4)      State the amount of money you have received from any other source in the last twelve months, such as the sources listed above. Please attach an additional sheet if necessary.

Source of income                                                    Amount

Parents' housewarming event gift                          $ 748

_____      $ _____


**III.    Expenses** - If you are married or have dependents, ***your expenses should also include your household's expenses.***
(When calculating household expenses, you may include groceries, clothing, medical costs, utilities that are not included in your rental payments, transportation, and insurance.)

1)      Identify the following amounts that you pay per month:

☐ Rent or  ☐ Mortgage                    $ 0 _____

Car payment(s)                                   $ 0 _____

Alimony or court-ordered child support $ 0 _____

Credit card payment(s)                       $ 0 _____


2)      Do you have any other *monthly* expenses that you have not already listed?
☒ Yes   ☐ No

If "Yes," list them below:

Expense                                                              Amount

Credit Card Collections Related              $ $95,000 in debt _____

_____     $ _____

_____     $ _____

INSD Pro Se Civil Non-prisoner IFP d. ct. 3/23

3)      What are your total *monthly* expenses?      $ $1440 _____

**IV.  Property** - If you are married, your answers must ***include your spouse's property.***

1)      Do you own a car? ☐ Yes      ☒ No            If "Yes," list car(s) below:

   Make and Model                                    Year            Approximate
                                                                     Current Value

                                        __ _____ $_____

                                        __ _____ $_____

2)      Do you own your home(s)?       ☐ Yes      ☒ No

   If "Yes," state the approximate value(s).  $ _____

   What is the amount of equity (assessed value of residence minus
   outstanding mortgage balance) in the home(s)?            $ _____

3)      Do you have any cash or checking, savings, or other similar accounts?
   ☒ Yes      ☐ No

   If "Yes," state the total of such sums.      $ 1000 _____

4)      Do you own any other property of value, such as real estate, stocks, bonds,
   trusts, or individual retirement accounts (e.g., IRA, 401 k), artwork or jewelry?

   ☐ Yes      ☒ No

   If "Yes," describe the property and the approximate value(s).

   _____

INSD Pro Se Civil Non-prisoner IFP d. ct. 3/23

**V.**    **Other Circumstances** - Describe any other financial circumstance(s) that you would like the court to consider when reviewing this petition.

I am in credit card and court cost debt of almost $95,000, and I have to make collections payments

I am paying out of my current paycheck directly to collections and partly by borrowing money.

I truly have $0.00 in discrentionary spending, and my parents pay for food, hygenie, cell phone, and

clothes when I need them.  I drive to work with my parents in their car.  I borrowed $53,000 for

credit car settlements already from a family member; I have zero money since I have been put under
depression and stress.

        I, Raj K. Patel          , declare that I am the plaintiff bringing this complaint. I declare that I am unable to prepay the fee and that I am entitled to the relief sought in the complaint.

8/15/2024
Date

Signature - Signed Under Penalty of Perjury

.

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| T.E. T.E. MR. RAJ K. PATEL, from all capacities,<br><br>*Plaintiff*<br><br>v.<br><br>THE UNITED STATES, THE PRESIDENT OF THE UNITED STATES, PRESIDENT JOE BIDEN, in all capacities, PRESIDENT GEORGE W. BUSH, in all capacities, PRESIDENT BARACK H. OBAMA, in all capacities, PRESIDENT DONALD J. TRUMP, in all capacities, and PAST AND PRESENT OVAL OFFICE ATTORNEYS AND COUNSELORS-AT-LAW,<br><br>*Defendants* | No. _____<br><br>*PRO SE* COMPLAINT<br><br>JURY DEMANDED<br><br>Dated: August 15, 2024 |

### T.E.,E. MR. RAJ K. PATEL'S MOTION TO PERFECT SERVICE

T.E.,E. Mr. Raj K. Patel, under Fed. R. Civ. P. 77(c)(2)(A), move this clerk of court to perfect service to the defendants' attorneys said herein the certificate of service, after the court grants *in forma pauperis*.

Therefore, Patel moves the same.

Respectfully submitted, The Basis of the United States,

/s/ Raj K. Patel
Rama CCCX
T.E., T.E. Mr. Raj K. Patel, AA, BA, JD Candidate** (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
317-740-8001 (cell)
rajp2010@gmail.com

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

\*\*J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

\*Political Science and Religion (cum laude), Emory University Class of 2014

<u>**CERTIFICATE OF SERVICE**</u>

The service to the Defendants have been made by the Clerk of the Court of SDIN under the Fed. R. Civ. P.

**THE UNITED STATES**
**THE PRESIDENT OF THE UNITED STATES**
**PRESIDENT JOE BIDEN**
**PRESIDENT GEORGE W. BUSH**
**PRESIDENT BARACK H. OBAMA**
**PRESIDENT DONALD J. TRUMP**
U.S. Attorney General Merrick Garland
Merrick.garland@usdoj.gov

**THE UNITED STATES**
**THE PRESIDENT OF THE UNITED STATES**
**PRESIDENT JOE BIDEN**
**PRESIDENT GEORGE W. BUSH**
**PRESIDENT BARACK H. OBAMA**
**PRESIDENT DONALD J. TRUMP**
Zachary Meyers, U.S. Attorney for the SDIN
usains.webmaster@usdoj.gov

Dated: August 15, 2024

                    Respectfully submitted,


                    /s/ Raj K. Patel
                    T.E., T.E. Raj K. Patel (*pro se*)
                    4330 Strathmore Lane
                    Zionsville, IN 46077
                    Boone County
                    317-740-8001
                    rajp2010@gmail.com
                    www.rajpatel.live

I